FILED IN CHAMBERS
U S D C   Atlanta

JUN 2 3 2008

JAMES N. HATTEN, Clerk
By _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| BOB PETERSON, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. |
| ) | 1:06-CV-3087 (RWS) |
| H. MARTIN SPROCK, III, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## CONSENT CLAWBACK AGREEMENT AND ORDER

IT APPEARING that the Parties recognize that the production of electronic documents carries with it a risk that certain, otherwise privileged document will be produced inadvertently; the Parties wish to maintain the privilege of certain information and documents obtained through discovery in this action; and the Parties having agreed as to how such protection may be accomplished; it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1)      The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege or the work product

doctrine, and no party shall be held to have waived any rights by such inadvertent production. This Order, that inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege or the work product doctrine, governs all persons or entities in all state or federal proceedings, whether or not they are parties to the matter before this Court.

2) Upon written notice of an unintentional production by the producing party or oral notice if notice must be delivered at a deposition, the receiving party must promptly return or destroy the specified document and any hard copies the receiving party has and may not use or disclose the information until the privilege claim has been resolved. To the extent that the producing party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the receiving party, the producing party shall bear the costs of the return or destruction of such electronic copies.

3) To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such

documents until the claim has been resolved. If the receiving party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it. The producing party shall preserve the specified information until the claim is resolved.

4)     The receiving party shall have ten (10) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection.

5)     The producing party will then have ten (10) days from the receipt of the objection notice to submit the specified information to the Court under seal for a determination of the claim and will provide the Court with the grounds for the asserted privilege or protection. Any party may request expedited treatment of any request for the Court's determination of the claim.

6)     Upon a determination by the Court that the specified information is protected by the applicable privilege, and if the specified information has been sequestered rather than returned or destroyed, the specified information shall be returned or destroyed.

7)     Upon a determination by the Court that the specified information is not protected by the applicable privilege, the producing party shall bear the costs of

placing the information into any programs or databases from which it was removed

or destroyed and render accessible any documents that were disabled or rendered

inaccessible, unless otherwise ordered by the Court.

_____
Richard W. Story
United States District Judge

Dated: _June 23, 2008_____