# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

BOB PETERSON, et al,

    Plaintiffs,

v.

H. MARTIN SPROCK, III, et al,

    Defendants.

CIVIL ACTION NO.
1:06-CV-3087-RWS

## **ORDER**

This case is before the Court for consideration of Defendant's Motion to Dismiss, as to the addition of Plaintiffs Jonjewlyn, Inc., Roger D. Jones and Beatrice M. Jones in Plaintiffs' Amended Complaint. [86]. After reviewing the record, the Court enters the following Order.

## **Background**

Plaintiffs, comprised mainly of investors and franchisees of the Defendants and their affiliates, initiated this action on November 17, 2006 in Superior Court of Fulton County, Georgia alleging several causes of action consisting of: (1) misappropriation of funds; (2) Georgia Civil RICO violation;

(3) fraud; (4) breach of contract; (5) breach of duty of good faith and fair dealing; (6) negligent misrepresentation; (7) unjust enrichment and breach of implied contract; and, (8) violation of the Florida Franchise Act. (Dkt. No. [1] Exh. A.) The case was timely removed to the Northern District of Georgia on December 20, 2006. Plaintiffs filed their first motion for leave to amend the complaint on November 20, 2007, seeking to assert the same claims on behalf of Jonjewlyn, Inc., Roger D. Jones, and Beatrice M. Jones ("Amended Complaint"). (Dkt. No. [59].) Defendants moved to dismiss the Amended Complaint as to the addition of the new plaintiffs, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). [86]

Plaintiffs Roger and Beatrice Jones, as owner of Jonjewlyn, Inc., own and operate a Mama Fu's Noodle House franchise restaurant in Huntsville, AL (Dkt. No. [59] at 1.) Roger and Beatrice Jones entered into a Franchise Agreement, dated January 7, 2004 with Mama Fu's Noodle House, Inc, which specified a period of one (1) year for the filing of any claim or action arising out of the Franchise Agreement. (Dkt. No. [86] Exh. A ¶31.) Defendants assert that Plaintiffs' claims should be dismissed as time barred by the one-year

2

contractual limitation contained in the Franchise Agreement. (Dkt. No. [86] at 2.)

**Discussion**

**I.      Motion to Dismiss Standard**

When considering a FED. R. CIV. P. 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted). The United States Supreme Court has recently dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 S.Ct. at 1968 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 1965. The plausibility standard does not, however,

3

impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

## II.     Defendants' Motion to Dismiss

Defendants assert that Plaintiffs' Amended Complaint, filed on November 20, 2007 should be dismissed because it was filed more than one year after Plaintiffs' original Complaint was filed on November 17, 2006. (Dkt. No. [86] at 7.)  Defendants state that the Franchise Agreement required Plaintiffs to bring any claims arising from or related to the Franchise Agreement within one year of discovery of the facts that give rise to the claims. (Id. at 8.) Further, Defendants assert that Plaintiffs became aware of the facts giving rise to their claim on November 17, 2006, the date the original Complaint was filed. In support, Defendants point to Plaintiffs' Brief in Support of Their Amended Motion for Leave to Amend Complaint [64], stating that  "on November 17, 2006, the Joneses believed the Defendants' assurances that the lawsuit had no merit and that no facts existed to support it." (Dkt. No. [64] at 6.)  Defendants cite this statement made by the Plaintiffs as evidence that on November 17, 2006, Plaintiffs Jones knew about, or had constructive notice of, the claims and

4

allegation against Defendants. (Dkt. No. [104] at 10.) Therefore, the Amended Complaint filed on November 20, 2007 lies more than one year outside the contractual limitation period of the Franchise Agreement. Id.

In response, Plaintiffs contend that their claim is not barred by the contractual limitation period of one year. Plaintiffs argue that the filing of the original Complaint was not sufficient to place the Plaintiffs on notice of the facts giving rise to a potential claim (Id. at 11.) Rather, Plaintiffs assert that they first learned of the lawsuit on November 20, 2006, when Defendants distributed an email to the franchisees informing them of the lawsuit. (Dkt. No. [94] at 11.) Therefore, Plaintiffs' Motion to Amend, filed on November 20, 2007 falls within the one-year contractual period. Id.

After a review of the record, the Court holds that an issue of fact exists as to the date when the Plaintiffs first discovered the facts that gave rise to their claim. Therefore, the Court finds that it would be inappropriate to hold as a matter of law that Plaintiffs' claim is time barred by the contractual limitation of the Franchise Agreement. Accordingly, Defendants' Motion to Dismiss [86] is **DENIED**.

5

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [86] is **DENIED**.

**SO ORDERED** this  8th  day of October, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)