**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

BOB PETERSON, et al.,

    Plaintiffs,

v.

H. MARTIN SPROCK, III, et al.,

    Defendants.

: CIVIL ACTION NO.
: 1:06-CV-3087-RWS

## **ORDER**

This case comes before the Court on Defendants' Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 56 with Respect to Claims by SLR Holdings, Inc., Larry Scrybalo, and Denise McCurdy [174]; Defendants' Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 56 with Respect to Claims by Bob Peterson, Fu's Gold, LLC, John Usher, Deborah Usher, Full Plate, LLC; One Big Mamas's, LLC, Two Big Mamas, LLC, Three Big Mama's, LLC, Four Big Mama's, LLC, Five Big Mama's, LLC, Attitude Latitude, Inc., John N. Usher Revocable Trust Dated 11-09-93, Deborah J.

Lynn Usher Revocable Trust dates 11-09-93, 40 Acres and a Mule, Inc., Howard Goldt, Jeff Goldt, H&J Goldt Corporation [175]; Defendants' Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 56 with Respect to Claims by We3 and David Weinberg [176]; Defendants' Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 56 with Respect to Claims by Mike Hargreaves II, Amer Abugherir, Central Florida Land Investments, Inc., and RAM003, LLC [177]; Defendants' Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 56 with Respect to Claims by to Jonjewlyn, Inc., Roger D. Jones, and Beatrice M. Jones [178]; Defendants' Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 56 with Respect to Claims by Will Griswold and Triad Restaurant Management, LLC [186]; Plaintiff's Motion for Partial Summary Judgment [192]; Plaintiffs' Motion for Leave to Amend First Amended Complaint [197]; Plaintiffs' Motion to Strike Response and Enlarge Time for Plaintiffs to Respond to Defendants' Motion for Summary Judgment [207]. After a review of the record, the Court enters the following Order.

**Background**

Plaintiffs, comprised mainly of investors and franchisees of the Defendants and their affiliates, initiated this action for claims allegedly arising out of franchise agreements to operate Mama Fu's franchises. (Dkt. No. [81] at ¶ 50.) Plaintiffs allege that Defendants made misrepresentations in the Uniform Franchise Offering Circulars ("UFOCs") and franchise agreements; that Defendants intermingled individual and corporate assets; and that Defendants failed to disclose "kickback" payments from suppliers. (Id. at ¶¶ 44-96.) Plaintiffs assert ten claims based on these allegations.

**Discussion**

**I.    Plaintiffs' Motion for Leave to Amend First Amended Complaint [197]**

Plaintiffs seek to amend their First Amended Complaint [64] to dismiss Plaintiffs Three Big Mama's, LLC, Four Big Mama's, LLC, Five Big Mama's, LLC, Attitude Latitude, Inc., John N. Usher Revocable Trust Dated 11-09-93, Deborah J. Lynn Usher Revocable Trust dates 11-09-93, 40 Acres and a Mule, Inc., Helen Wong, Norman Wong, and Elizabeth Wong. Plaintiffs further seek to drop Counts I (Accounting and Receivership), V (Breach of the Duty of

Good Faith and Fair Dealings), and VII (Unjust Enrichment and Breach of Implied Contract). Finally, Plaintiffs seek to amend the First Amended Complaint to add as to Counts III (Fraud), IV (Breach of Contract) and VI (Negligent Misrepresentation), expenses of litigation pursuant to O.C.G.A. § 13-6-11, and as to Counts III and VI, punitive damages pursuant to O.C.G.A. § 51-12-5.1.

The Court **GRANTS** Plaintiffs' Motion for Leave to Amend the First Amended Complaint to dismiss the listed parties, drop Counts I (Accounting and Receivership), V (Breach of the Duty of Good Faith and Fair Dealings), and VII (Unjust Enrichment and Breach of Implied Contract), and add a claim for expense of litigation as to Counts III (Fraud), IV (Breach of Contract) and VI (Negligent Misrepresentation). Plaintiffs' Motion to add a claim for punitive damages as to Counts III and VI is **DENIED**. Claims brought by Plaintiffs Three Big Mama's, LLC, Four Big Mama's, LLC, Five Big Mama's, LLC, Attitude Latitude, Inc., John N. Usher Revocable Trust Dated 11-09-93, Deborah J. Lynn Usher Revocable Trust dates 11-09-93, 40 Acres and a Mule, Inc., Helen Wong, Norman Wong, and Elizabeth Wong are **DISMISSED**. Counts I, V, and VII of Plaintiffs' Complaint are **DISMISSED**.

**II. Plaintiffs' Motion to Strike Response and Enlarge Time for Plaintiffs to Respond to Defendants' Motion for Summary Judgment [207]**

Plaintiffs request that the Court strike their initial responses to Defendants' Motion for Summary Judgment [175] and enlarge time for Plaintiffs to file a revised response pursuant to Fed. R. Civ. P. 6(b)(1)(B). The Court finds that the filing of a different version of the response brief is not unduly prejudicial to Defendants. Therefore, Plaintiffs' Motion to Strike and for Enlarged Time to Respond [207] is **GRANTED**. The Court shall construe the Response attached to the Motion [207] as the Plaintiffs' Response to Defendants' Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 56 [175].

**III. Motions for Summary Judgment**

    A.    <u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party bears

'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the

AO 72A
(Rev.8/82)

non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

With these standards as a foundation, the Court turns to address the merits of the parties' motions for summary judgment.

B. Plaintiffs' Motion for Partial Summary Judgment [192]

Plaintiffs request judgment as a matter of law on Defendants' Counterclaim for Breach of Market Development Agreement against Fu's Gold, LLC (Count VI), Full Plate, LLC, Deborah Usher and John Usher (Count VIII),

7

Jeffery Goldt (Count IX), Edmund Watkins (Count X), WE 3, Inc. (Count XII), Tony Wong (Count XIII) and Roger D. Jones and Beatrice M. Jones (Count XIV). (Dkt. No. [159] at pp. 47-48, 49-51, 53-55.) The Court finds that issues of material fact exists as to whether the Market Development Agreements constitute valid enforceable contracts. Specifically, the Court seeks resolution on whether the missing defined term constitutes a material term such that the contract is fatally flawed. Therefore, Plaintiffs' Motion for Partial Summary Judgment [192] is **DENIED**.

### C. Defendants' Motions for Summary Judgment

Defendants filed six motions for summary judgment largely based on standing issues and a one-year contractual limitations period. The Court shall address each motion in turn.

i. SLR Holdings, Inc., Larry Scrybalo, and Denise McCurdy [174]

Defendants moved for judgment as a matter of law against claims filed by these Plaintiffs on the bases that such claims were released through an assignment to Plaintiff SLR Holding, Inc., and that Larry Scrybalo and Denise McCurdy lack standing to assert individual claims as owners of SLR Holdings,

8

Inc. The Court finds that issues of material facts exists as to whether Plaintiff SLR Holdings, Inc.'s claim survived the assignment of the original franchise agreement and whether Plaintiffs Scrybalo and McCurdy have standing to assert individual claims. Therefore, Defendants' Motion for Judgement as a Matter of Law [174] is **DENIED**.

> ii. Bob Peterson, Fu's Gold, LLC, John Usher, Deborah Usher, Full Plate, LLC; One Big Mamas's, LLC, Two Big Mamas, LLC, Three Big Mama's, LLC, Four Big Mama's, LLC, Five Big Mama's, LLC, Attitude Latitude, Inc., John N. Usher Revocable Trust Dated 11-09-93, Deborah J. Lynn Usher Revocable Trust dates 11-09-93, 40 Acres and a Mule, Inc., Howard Goldt, Jeff Goldt, H&J Goldt Corporation [175]

As an initial matter, claims by several Plaintiffs in this motion were voluntarily dismissed by Plaintiffs [197]. As to the remaining Franchisee Plaintiffs (defined by Defendants as: Fu's Gold, LLC; Full Plate, LLC; One Big Mama, LLC; Two Big Mama, LLC; and Jeffrey Goldt), Defendants contend that their claims lie outside the one-year contractual limitation contained in the franchise agreements.[1] However, the Court finds that there is an issue of

---

[1]Section 31 of the Franchise Agreement states:
"Any and all claims and actions arising out of or relating to this Agreement, the relationship between Franchisee and MAMA FU's, or the operation of the Franchised Business brought by any party to this Agreement against another party to this

9

material facts as to whether the Franchisee Plaintiffs had sufficient notice of the underlying facts to constitute actual or inquiry notice. Furthermore, the Court declines to find that the remaining Related Entity Plaintiffs (defined by Defendants as: Bob Peterson, John Usher, Deborah Usher, Three Big Mama's, LLC, Howard Goldt, and H&J Goldt Corporation) lack standing to pursue individual claims. Therefore, Defendants' Motion for Judgment as a Matter of Law [175] is **DENIED**

### iii. We3, Inc., and David Weinberg

Defendant moves for summary judgment as to these Plaintiffs based on the one-year contractual limitation and the fact that Weinberg lacks standing. Defendants assert that Plaintiffs We3, Inc. and Weinberg are barred from pursing their claim by the one-year contractual limitation contained in the franchise agreement. The Court finds that issues of material fact exist as to whether We3, Inc. had inquiry notice of the facts underlying its claim at the time its franchise store closed on August 24, 2005. Further, the Court declines to find as a matter of law that Plaintiff Weinberg lacks standing to pursue an

---

Agreement, shall be commenced within one (1) year from the discovery of the facts giving rise to any such claim or action, or such claim or action shall be barred."

individual claim. Therefore, Defendants' Motion for Judgment as a Matter of Law [176] is **DENIED**.

> iv. Mike Hargreaves II, Amer Abugherir, Central Florida Land Investments, Inc., and RAM003, LLC [177]

Defendants seeks summary judgment against these Plaintiffs asserting either a lack of standing or a release of all claims. In regards to Plaintiff, RAM003, LLC the Court finds that Maritza Gonzales was acting on behalf of RAM003, LLC when she executed the Termination and Release Agreement.[2] Therefore, Defendants' Motion for Summary Judgment [177] is **GRANTED** as to RAM003, LLC. Plaintiff RAM003, LLC's claims are **DISMISSED**. As to the remaining Plaintiffs addressed in this Motion, Court finds that there is a lack of clarity in the facts that impedes the granting of further summary judgment. Specifically, the Court has questions regarding the relationships of the parties

---

[2]Section 5.2 of the Termination and Release Agreement released the claims of "Franchisee, for itself and its affiliates, and for its and its affiliates' directors, officers shareholders, partners, members, managers, employees and agents, and for the predecessors, successors, assigns, heirs, administrators and executors of it and any and all of them (collectively, the 'Franchisee Parties')."

11

and their roles in the franchise system at issue.  Therefore, the Defendants' Motion for Summary Judgment [177] is **DENIED** as to all other Plaintiffs.

> v. Jonjewlyn, Inc., Roger D. Jones, and Beatrice M. Jones [178]

Defendants assert that Plaintiffs Roger and Beatrice Jones are barred from pursing their claim by the one-year contractual limitation contained in the franchise agreement.

The undisputed facts demonstrate that the on or about July 20, 2006, the Joneses received and reviewed an email from Defendant Mama Fu's stating that "[t]here is a faction of the franchise community, and it is a small faction that insists on continuing to threaten us with litigation." [Email dated July 20, 2006, Bates Numbered Mama Fu's 14940, deposition Exhibit 501, attached to Memorandum in Support of Motion for Judgment as a Matter of Law as Exhibit 8; R. Jones Dep., 191:25-192:9; 261:11- 262:22].  The Court finds that, in conjunction with other undisputed evidence, the receipt and review of this email, is sufficient to place the Joneses on inquiry notice of the facts underlying their asserted claim against Defendants. Using an objective standard, the Court finds that a reasonably prudent person would have been alerted to the

12

possibility of a legal claim. Porex Corp. v. Haldopoulos, 284 Ga. App. 510, 515, 644 S.E.2d 349 (Ga. Ct. App. 2007); Porter v. Ray, 461 F.3d 1315, 1323 (11th Cir. 2006); See also Newitt, 270 Ga. App. at 542, 607 S.E.2d at 194 ("Inquiry notice is the term used for knowledge of facts that would lead a reasonable person to begin investigating the possibility that his legal rights had been infringed.") (quoting Theoharous v. Fong, 256 F.3d 1219, 1228 (11th Cir. 2001)).

As the Joneses and Jonjewlyn, Inc. sought to join this action, by way of amendment, on November 20, 2007, the Court finds that their claims fall outside the one-year contractual limitations period. Therefore, claims asserted by Jonjewlyn, Inc., Roger D. Jones, and Beatrice M. Jones are **DISMISSED**. Defendants' Motion for Summary Judgment [178] is **GRANTED**.

vi. Will Griswold and Triad Restaurant Mgmt., LLC [186]

Defendants assert that Plaintiffs Griswold and Triad Mgmt. LLCs' claims fall outside the one-year contractual limitation period. The Court finds that an issue of material fact exists as to whether Plaintiffs had inquiry notice of the facts underlying the present claim at the time they decided to suspend development of a Mama Fu's restaurant in June 2005. The Court declines to

13

find at this time that Plaintiff Triad Restaurant's alleged knowledge that the franchise system was incurring financial difficulty initiated the one-year contractual limitation period. Further, the Court declines to find as a matter of law that Plaintiff Weinberg lacks standing to pursue an individual claim. Therefore, Defendants' Motion for Judgment as a Matter of Law [186] is **DENIED**.

## Conclusion

Plaintiffs' Motion for Leave to Amend First Amended Complaint [197] is **DENIED in part** and **GRANTED in part.** Plaintiffs' Motion for Partial Summary Judgment [192] is **DENIED**. Defendants' Motions for Summary Judgment [174], [175], [176], [186] are **DENIED**. Defendants' Motion for Summary Judgment [177] is **GRANTED in part** and **DENIED in part**. Defendants' Motion for Summary Judgment [178] is **GRANTED**. Plaintiffs' Motion to Strike and for Enlarged Time to Respond [207] is **GRANTED**.

**SO ORDERED** this   11th   day of February, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)