**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

BOB PETERSON, *et al.*,

    Plaintiffs

v.

H. MARTIN SPROCK, III, *et al.*,

    Defendants.

CIVIL ACTION NO.
1:06-CV-3087-RWS

## **ORDER**

This case comes before the Court on Defendants' Motion for Judgment on Partial Findings under Fed. R. Civ. P. 52(c). After the close of Plaintiffs' case at trial and a review of the record, Defendants' Motion is **GRANTED** and Court enters judgment in favor of Defendants on all claims.

**I.     Facts**

This case arises from a franchise dispute between the parties in the sale and development of Mama Fu's Noodle House, Inc. ("Mama Fu's") franchises. Plaintiffs alleged that they have relied on oral and written misrepresentations

throughout the course of dealings with Defendants. Such reliance resulted in Plaintiffs entering into Mama Fu's Franchise Agreements ("Franchise Agreement") and agreeing to own and operate Mama Fu's restaurants. Plaintiffs initiated this cause of action, alleging that Defendants' misrepresentations in the Uniform Franchise Offering Circulars ("UFOCs") and Franchise Agreements support claims for: (1) Georgia Civil RICO O.C.G.A. § 16-14-4(a); (2) fraudulent inducement; (3) breach of contract; (4) negligent misrepresentation; (5) violation of the Florida Franchise Act F.S.A. § 817.416(2); and, (6) violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) F.S.A. § 501.203(3).

1. Breach of Contract Claim (Count IV)

The elements under a breach of contract claim are "(1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." Kuritzky v. Emory Univ., 294 Ga. App. 370, 371, 669 S.E. 2d 179 (2008). The crux of Plaintiffs' claim for breach of contract is based on the language of the Mama Fu's Franchise Agreement, which states:

> "Franchisor hereby grants to Franchisee during the term of the agreement the right to use the MAMA FU'S *System* and to operate a

2

> MAMA FU'S NOODLE HOUSE restaurant in accordance with the terms of the agreement..."

(Plaintiffs' Exh. 12, p. 54 ¶ 1.) (emphasis added). Plaintiffs argued that the System is a specified term, defined by the language found in the introductory "Whereas" clauses to the Franchise Agreement. Such language provided that, as it pertained to Mama Fu's, Defendants had a "developed and perfected" system and had acquired "knowledge and expertise" as well as a "reputation, demand and goodwill for the products". (Plaintiffs' Exh. 12, p.54.) Plaintiffs sought to demonstrate in trial, through the testimony of each Plaintiff and a franchise expert witness, that the Mama Fu's system was not "perfected", defined by counsel as a completed system that could sustain its operations. Rather, Plaintiffs asserted that the Defendants sold Mama Fu's franchises prematurely, prior to commencing sufficient research or development of the product and model. Defendants relied on the reputation and experience gained in the operation of a previous franchise, Moe's Southwest Grill, LLC and its founder and chairman, Defendant H. Martin Sprock, III, rather than an established individualized system for the operation of the Mama Fu's restaurant

3

franchise. Plaintiffs alleged that such conduct constituted a breach of the Franchise Agreement and resulted in damage to Plaintiffs.

> 2. <u>Fraudulent Inducement (Count III), Negligent Misrepresentation (Count VI), and Florida Franchise Act (Count VIII) claims</u>

A claim of fraud requires evidence showing: (1) a false representation or concealment of material fact; (2) scienter; (3) intent to induce the allegedly defrauded party to act or refrain from acting; (4) justifiable reliance; and (5) damages. See <u>Crawford v. Williams</u>, 258 Ga. 806, 806, 375 S.E.2d 223, 224 (1989). The elements of negligent misrepresentation are: (1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance. <u>Daimler Chrysler Motors Co., LLC v. Clemente</u>, 294 Ga. App. 38, 50, 668 S.E. 2d 737 (2008). Further, it is a violation of the Florida Franchise Act, when selling or establishing a franchise or distributorship, to: 1) intentionally misrepresent the prospects or chances for success of a proposed or existing franchise; or 2) intentionally misrepresent the known required total investment for such franchise or distributorship. F.S.A. §817.416(2).

4

Plaintiffs assert that a series of oral and written misrepresentations found in the 2004 UFOC comprise the necessary components of the above claims. Plaintiffs contend that Defendants either negligently or intentionally represented to Plaintiffs that the Mama Fu's system was developed and complete. Specifically, Plaintiffs point to several representations on which they assert that they reasonably relied to their detriment. These representations, in the aggregate, induced Plaintiffs to purchase Mama Fu's franchises. Plaintiffs assert that their damages amount to the total losses incurred as a result of entering into the Franchise Agreement and, in most cases, opening a Mama Fu's restaurant.

First, Plaintiffs allege that Defendants H. Martin Sprock, III and Daryl Dollinger, Vice President of Mama Fu's, made false representations of current or prospective monetary figures for the Mama Fu's franchise in violation of the earnings claims provision of the Franchise Agreement. (Plaintiffs' Exh. 9, Item 19, p. 32.) In support, Plaintiffs presented testimony of conversations with Defendants Sprock and Dollinger in which they allegedly made oral comparisons to the profits of Moe's Southwest Grill and Pei Wei Asian Diner.

5

Plaintiffs assert that they reasonably relied on the statements as authorized representations by the Founder and Vice President of the franchisor.

Second, Plaintiffs allege that the Defendants' UFOC falsely represented Sprock as "involved in all of the day to day business involving the operations of MAMA FU'S Noodle House restaurant and all franchise activities." (Plaintiffs' Exh. 9, Item 2, p. 6.) Plaintiffs presented testimony that they relied on Sprock's day to day involvement in the franchise as a necessary component of signing the Franchise Agreement.

Third, Plaintiffs allege that Defendants' UFOC failed to disclose Sprock's commission or revenue obtained from third party supplier/ distributer, SOS. Plaintiff franchisees testified that they purchased goods from SOS because they met the Defendants' minimum standards and specifications. (Plaintiffs' Exh. 9, Item 8, pp. 12-13.) As a result, Plaintiffs claim to have overpaid for food, supplies, equipment, and other goods and services used in their franchise operations. Plaintiffs argue that such failure to disclose is a violation of the Federal Trade Commission regulation (16 C.F.R. § 436.1(11)) and induced Plaintiffs to enter into the Franchise Agreement.

6

Fourth, Plaintiffs assert that Defendants made negligent or intentional misrepresentations in the introductory language of the Franchise agreement, known as the "Whereas" clauses. (Plaintiffs' Exh. 9, Franchise Agreement, p. 53.) As stated above, the language suggested that Mama Fu's had a "developed and perfected" system and acquired "knowledge and expertise"as well as a "reputation, demand and goodwill for the products". Plaintiffs contend that such representations were knowingly false because at the time they were conveyed, Defendants did not have sufficient franchises in operation to substantiate such claims. Plaintiffs assert that although this introductory language cannot comprise a breach of contract claim, these are misrepresentations that a prospective franchisee may rely on when entering a franchise agreement. See generally, American Casual Dining, L.P. v. Moe's Southwest Grill, L.L.C., 426 F. Supp. 2d 1356 (N.D. Ga. 2006).

Fifth, Plaintiffs claim that Defendants used a marketing coupon tool known as Fu's Gold to create a false impression to prospective franchisees regarding the restaurant's potential business and profitability. In support, Plaintiffs testified to encountering the Mama Fu's corporate store busy with customers during their initial meetings with Defendants. Plaintiffs testified to

7

having relied on the store's appearance in determining whether to enter into the Franchise Agreement.

Finally, Plaintiffs assert that Defendants intentionally or negligently misrepresented the initial investment costs in the UFOC. (Plaintiff Ex. 9, Item 7 p. 11.) Plaintiffs testified to having received different estimates and pointed to a pattern suggesting that Defendants did not sufficiently research the costs associated with the Mama Fu's franchise start up.

> 3. Florida Deceptive and Unfair Trade Practices Act (Count IX) and Georgia Civil RICO (Count II) claim

The Florida Deceptive and Unfair Trade Practices Act (FDUTPA) requires a showing of: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." F.S.A. § 501.203(3); KC Leisure, Inc. v. Haber, 972 So.2d 1069, 1073 (Fla. 5th Dist. Ct. App. 2008). Furthermore, under the Georgia Civil Rico act, "it is unlawful for anyone to acquire an interest in or control of money or property through a pattern of racketeering activity." (O.C.G.A . § 16-14-4(a).) Plaintiffs submit that Defendants engaged in a pattern of fraudulent activity detailed above which constituted a predicate act under Georgia Civil RICO (O.C.G.A. §16-8-3). In support, Plaintiff franchisees testified as to oral

8

and written representations made by Defendants during the sale of the Mama Fu's franchises.

## II. Defendants' Motion for Judgment on Partial Findings

At the close of Plaintiffs' presentation of evidence at trial, the Defendants moved orally for a motion for judgment on partial findings under Fed. R. Civ. P. 52(c). According to Fed. R. Civ. P. 52(c), "[i]f a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Defendants moved for judgment as a matter of law as to all claims asserted by Plaintiffs as well as affirmative defenses for specific Plaintiffs.

### 1. Plaintiffs' Breach of Contract Claims (Count IV)

First, the Court finds that, no Plaintiff demonstrated that Defendants breached the Franchise Agreement by failing to provide a Mama Fu's system, as defined by the Agreement. Such representations made in the "Whereas" clauses are not guarantees of success or profitability, but rather good faith expectations that the franchise will operate. The Court finds that Defendants

9

provided Plaintiffs with a fully functional operating system prior to the opening of Plaintiffs' franchises. The Court finds that the Defendants did deliver a Mama Fu's system as required under the Franchise Agreement. Finding no breach, the Plaintiffs' Breach of Contract (Count IV) Claim, as to all named Plaintiffs, is **DISMISSED**. The Court shall enter judgment on behalf of Defendants on Count IV.

2. Plaintiffs' Fraud Claims (Counts II, III, VI, VIII, IX)

As to the Plaintiffs fraud claims, Defendants argue that Plaintiffs failed to demonstrate that either Mama Fu's or its officers intentionally or negligently made oral and written misrepresentations to Plaintiffs. Upon the conclusion of Plaintiffs' evidence, the Court finds that no Plaintiff established a claim for fraud. As to the specific representations which Plaintiffs assert comprise the claims for fraud, the Court finds that such representations were either not false, lacked justifiable reliance, or did not result in any demonstrated damage to Plaintiffs. Specifically, Plaintiffs did not demonstrate that Defendant Sprock was not involved in the day to day affairs of Mama Fu's operations as represented in the 2004 UFOC nor that the initial investment costs detailed in Item 7 of the UFOC were inaccurate. Next, the Court finds that the failure of

10

Defendants' UFOC to disclose Sprock's commission or revenue obtained from third party supplier/ distributer, SOS, and the use of Fu's Gold as a marketing strategy did not result in any damage to Plaintiffs. Finally, the Court finds that due to the preliminary stage of the Mama Fu's franchise system at the time each Plaintiff entered into a Franchise Agreement, it was unreasonable for Plaintiffs to rely on any representations of prospective earnings or statements. Furthermore, Plaintiffs were not justified in relying on representations regarding Mama Fu's expertise, knowledge or reputation found in the introductory language of the Franchise Agreement. <u>American Casual Dining, L.P. v. Moe's Southwest Grill, L.L.C.</u>, 426 F. Supp. 2d at 1364 (N.D. Ga. 2006) ("A party is expected to profess competency in its area of business. Thus, such expressions of experience and skill are considered puffery upon which a plaintiff cannot justifiably rely.") Accordingly, Plaintiffs' Fraud Claims (Counts II, III, VI, VIII, IX) are **DISMISSED**. The Court shall enter judgment on behalf of Defendants on Counts II, III, VI, VIII, IX.

### 3. <u>Defendant Daryl Dollinger</u>

Defendants requested that the Court dismiss Daryl Dollinger as a Defendant because Plaintiffs failed to assert any link between the actions of

11

Dollinger and the claims alleged in the Complaint. The Court finds merit in Defendants' argument and holds that all claims against Daryl Dollinger are **DISMISSED**.

### 4. Plaintiffs Mike Hargreaves II, Amer Abugherir, and Central Florida Land Investments, Inc.

Defendants argue that the above Plaintiffs lack standing because they did not execute the Franchise Agreement upon which the Plaintiffs' claims are based. Plaintiffs' claims arise out of alleged misrepresentations relating to the UFOC or Franchise Agreement. While the Plaintiffs' claims have already been dismissed above, the Court further finds that Plaintiffs Mike Hargreaves II, Amer Abugherir, and Central Florida Land Investments, Inc. failed to demonstrate that they are parties to the Franchise Agreement or that they relied on any representations made by Defendants. Accordingly, Plaintiffs Mike Hargreaves II, Amer Abugherir, and Central Florida Land Investments, Inc. claims are **DISMISSED** for lack of standing.

### 5. Plaintiff Ashley Shelley

The Court further finds that Plaintiff Ashley Shelley failed to produce any evidence of her reliance on any alleged misrepresentations or her status as a

12

franchisee. Therefore, Plaintiff Ashley Shelley's claims are **DISMISSED**.

## Conclusion

Based on the foregoing, Defendants' motion for judgment on partial findings under Fed. R. Civ. P. 52(c) is **GRANTED**. All claims against Defendant Daryl Dollinger are **DISMISSED**. Claims asserted by Plaintiffs Mike Hargreaves II, Amer Abugherir, Central Florida Land Investments, Inc., and Ashley Shelley are **DISMISSED**. Plaintiffs' Breach of Contract (Count IV) Claim is **DISMISSED**. Plaintiffs' Fraud Claims (Counts II, III, VI, VIII, IX) are **DISMISSED**. The Clerk is **DIRECTED** to enter judgment in favor of Defendants.

**SO ORDERED** this __10th__ day of March, 2009.

_____
**RICHARD W. STORY**
United States District Judge